UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| VANESSA WILSON, individually and as parent and next friend of N.F. and N.K., her minor children; N.F., a minor child; and N.K., a minor child,<br><br>      Plaintiffs,<br><br>vs.<br><br>FRANCISCA RUSSO, ET AL.,<br><br>      Defendants.<br>_____ | Case No. 5:14-cv-02537-JGB-SP<br><br>**[PROPOSED] ORDER GRANTING APPROVAL OF MINORS' COMPROMISE**<br><br>Judge: Hon. Jesus G. Bernal<br><br>**Complaint Filed on 12/10/14**<br><br>Trial Date:<br>10/18/2016<br><br>Next Hearing Date:<br>Time: 9:30 a.m.<br>Date: 10/3/2016<br>Place: Courtroom No. 1 |

  VANESSA WILSON, individually and as parent and next friend of N.F. and N.K., her minor children; N.F., a minor child; and N.K., a minor child, are Plaintiffs in the above entitled action and bring an ex parte application for approval of minors' compromise.

  The compromise is based on a stipulated settlement of the entire case reached during court ordered mediation.  Plaintiffs represent that Defendants specifically indicated in writing that they will not oppose Plaintiff's ex parte application.

# BACKGROUND

There are two minors involved in this action, N.F. and N.K. ("MINORS"). The parent and next friend of N.F. and N.K. is VANESSA WILSON ("WILSON"), all of whom are Plaintiffs in this case.

This action arises out removal and detention of the MINORS from the custody and care of WILSON by the individually named defendants. Plaintiffs allege such action by defendants was unlawful, without probable cause, exigent circumstances, or other constitutional justification.

All defendants contended throughout that their actions were reasonable based on the specific facts allegedly known to them at the time of the removal.

On September 21, 2015, the court ordered the parties to mediate the case. In the conduct of mediation, the parties reached a full settlement of all claims by Plaintiffs. WILSON, individually and as parent and next friend of MINORS filed the instant motion for approval of minors' compromise pursuant to said full settlement of the case.

Petitioner seeks approval for a total settlement payment of $700,000.00 to all Plaintiffs, out of which total sum the MINORS are **each** to receive the total sum of $100,000.00. This money for the MINORS is to be used to purchase a deferred annuity with a scheduled payout as follows:

    A. With respect to N.K. (DOB 3/5/2007):

        1. Payment due at the time of settlement in the amount of $100,000.00 payable to BARCO Assignments Ltd., to fund the assignment of the future Periodic Payments.

        2. Periodic Payments made to N.K. are $1,106.15 payable monthly, beginning on 3/5/2025 guaranteed for 12 years, which is 144 payments, with the last guaranteed payment on 2/5/2037.

        3. The total Guaranteed Payout is $159,285.60.

    B. With respect to N.F. (DOB 9/5/2009):

        1. Payment due at the time of settlement in the amount of $100,000.00 payable to BARCO Assignments Ltd., to fund the assignment of the future Periodic Payments.

        2. Periodic Payments made to N.F. are $1,229.08 payable monthly, beginning on 9/5/2027, guaranteed for 12 years, which is 144 payments, with the last guaranteed payment on 8/5/2039.

        3. The total Guaranteed Payout is $176,987.52.

No amounts are to be deducted from the proceeds due to the MINORS for any expenses

associated with the litigation, as the parent plaintiff, WILSON, does not seek reimbursement for those expenses from the MINORS' share of the settlement proceeds. All costs, attorney fees, and other expenses are to be paid by Vanessa Wilson without offset or reimbursement from the children's share of the settlement proceeds.

The balance of the settlement funds of $500,000.00 constitute compensatory damages including lost wages, therapy costs, and legal costs incurred in defending the underlying juvenile dependency petition, among other things. In addition, the balance of the settlement funds shall be applied to cover the attorney's fees and costs incurred in prosecuting this action.

**DISCUSSION**

This Court's Local Rule 17-1.2 addresses settlements for minors and provides: "No claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree."

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement." Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009).

The instant motion by Plaintiffs includes the information required by this Court's Local Rules to address the details of the proposed compromise. Plaintiffs represent that they have made a careful investigation as to the responsibility for and the nature and extent of the MINORS' damages. Plaintiffs understand that compromise will forever bar and prevent the MINORS from seeking further recovery of compensation from the Defendants.

The application of Plaintiffs conforms to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384.

Plaintiffs believe that this is a fair, reasonable settlement that is in the best interests of the minor Plaintiffs.

The compromise offered for approval does not require any deduction of costs, attorney fees, or

other expenses from the portion allocated to the MINORS as structured settlement payments.

The balance of the settlement funds after allocation of funds for structured settlement payments to the MINORS shall be paid to Plaintiff WILSON, from which sum the attorney's fees and costs incurred in prosecuting this action will be paid.

The Court finds the request for payment of attorneys' fees out of the settlement portion allocable to Plaintiff WILSON to be reasonable.

The Court finds that allocation of the MINORS' portion of the total settlement to be used to purchase a deferred annuity with a scheduled payout for each MINOR to be reasonable.

**ORDER**

Based on the foregoing, the Court GRANTS the Request for Approval of Minors' Compromise. The funds SHALL be distributed as outlined above.

IT IS SO ORDERED.

Dated: May ____, 2016

_____
Hon. Jesus G. Bernal
United States District Court Judge

///

///